DENNIS K. BURKE
United States Attorney
District of Arizona

KEVIN M. RAPP
Assistant U.S. Attorney
Arizona State Bar No. 014249
Kevin.Rapp@usdoj.gov
Two Renaissance Square
40 North Central Avenue, Suite
Phoenix, Arizona 85004
Telephone (602) 514-7500

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| United States of America, | CR08-00598-007-PHX-JAT |
|---|---|
| Plaintiff, | |
| v. | **GOVERNMENT'S MOTION FOR DOWNWARD DEPARTURE PURSUANT TO U.S.S.G. § 5K1.1, CONSIDERATION OF FACTORS PURSUANT TO §3553 AND SENTENCING RECOMMENDATION** |
| Christopher Pirwitz, | |
| Defendant. | |

The United States of America hereby moves for a downward departure pursuant to U.S.S.G. § 5K1.1 for the reasons set forth in the attached Memorandum and considers sentencing factors set forth in § 3553. Defendant Pirwitz's sentencing is scheduled for June 7, 2010.

Respectfully submitted this 24th day of May, 2010.

DENNIS K. BURKE
United States Attorney
District of Arizona

s/Kevin M. Rapp

KEVIN M. RAPP
Assistant U.S. Attorney

# MEMORANDUM

The United States of America ("the government"), by and through its undersigned attorney, respectfully moves pursuant to 18 U.S.C. § 3553(e), 28 U.S.C. § 994(n), and U.S.S.G. § 5K1.1 to authorize this Court to depart downward from the minimum sentence dictated by the advisory Sentencing Guidelines and statute for the offense to which the above defendant has entered a guilty plea. In support of its motion, the government states as follows:

## I. GOVERNMENT'S MOTION TO AUTHORIZE A DOWNWARD DEPARTURE

Section 5K1.1 of the Sentencing Guidelines allows the court to depart downward in the defendant's sentence for the defendant's assistance to the government. The appropriate reduction shall be decided by the court after consideration of certain factors. Those factors include, but are not limited to the following:

(1) the court's evaluation of the significance and usefulness of the defendant's assistance, taking into consideration the government's evaluation of the assistance rendered:

(2) the truthfulness, completeness, and reliability of any information or testimony provided by the defendant;

(3) the nature and extent of the defendant's assistance;

(4) any injury suffered, or any danger or risk of injury to the defendant or his family resulting from his assistance;

(5) the timeliness of the assistance.

The United States moves this Court for a downward departure pursuant to U.S.S.G. § 5K1.1 based upon defendant Pirwitz's substantial assistance to the government in its investigation of a mortgage fraud scheme.

## II. ANALYSIS

### A. Significance and Usefulness of Defendant's Assistance

Defendant Pirwitz's cooperation was sufficient enough to warrant the filing of this motion. Before his indictment and shortly after arrest Pirwitz met with the undersigned attorney and investigating agents and detailed his involvement with co-defendants Fabian and Felix Guzman

Jr. Pirwitz explained how he was approached by the Guzmans' to perpetrate the fraud by submitting uniform loan applications that contained false information and received cash back at closing. As a result, the houses were overvalued, the borrowers were unable to make mortgage payments and the three houses went into foreclosure. Pirwitz also gave Guzman a "kickback" for his assistance in facilitating the purchases. The government was able to indict Felix Guzman, Jr. and others as a result of Pirwitz's assistance. This assistance continued after arrest and was instrumental in resolving the case against those who were indicted.

### B. Truthfulness Completeness and Reliability of Information and Testimony

Based on the government's investigation to date, Pirwitz's information has been truthful, complete, and reliable. His information has been corroborated by documentary evidence and other cooperators' information.

### C. Nature and Extent of Defendant's Assistance

The nature and extent of defendant's assistance was helpful to indicting and resolving the case against the Guzmans and others. Pirwitz cooperated with agents prior to indictment, arrest and following his indictment. Defendant met with the agents as required and was willing to testify. Pirwitz's efforts warrant a downward departure because his cooperation was thorough and reliable. His cooperation has extended throughout the prosecution of this case.

### D. Danger of Risk of Injury

The government is not aware of any threats that Pirwitz faced due to his cooperation. Pirwitz, however, is exposed to a prison sentence and as such would face potential threats while incarcerated. Accordingly, the government views the risk of injury to Pirwitz as slight.

### E. Timeliness of Assistance

Again, defendant cooperated with agents prior to indictment and he has continued to do so ever since as detailed above. Therefore, the government submits that the timeliness of his assistance was instrumental in the indictment and prosecution of the Guzmans' and others.

## III. ANALYSIS OF FACTORS PURSUANT TO TITLE 18, U.S.C. § 3553

### A. Nature and Circumstances of the Offense

3

Defendant pleaded guilty to engaging in a scheme and artifice to defraud lending institutions by submitting loan applications containing false information. He submitted a loan application on behalf of his wife and also William and Rachel Crook. At the time that he prepared the loan applications he knew that the borrowers were unable to afford the homes. He further was aware that because he was receiving a significant sum of money as "cash back" the homes would be overvalued. Thus, the borrowers were unable to make payments and houses went into foreclosure resulting in a loss to the lenders. In sum, he was a member of a conspiracy that involved the purchase of twenty-seven homes by unqualified straw buyers. Each one of the homes involved the submission of loan applications containing fails information, cash back at closing and eventually went into foreclosure.

**B.    History and Characteristics of the Defendant**

Defendant has had no contact with the criminal justice system as an adult. And, with the exception of the instant offense, his employment as a loan officer appears to be stable. He is married with two children and appears to have a stable family life. Unfortunately, he used his specialized knowledge of the real estate industry to participate in fraudulent transactions, including falsifying loan applications that lenders relied upon. On balance his history and characteristics weigh in his favor.

**C.    Need for Sentence to Address Additional Title 18, U.S.C. § 3553 Factors.**

The sentence advised by the guidelines is reasonable, without any departures for cooperation, upon consideration of the nature and circumstances of the offense and Defendant's history and characteristics as discussed above, plus the additional 18 U.S.C. § 3553 factors, as set forth below:

(1) to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment;

(2) to afford adequate deterrence to criminal conduct;

(3) to protect the public from further crimes of the defendant; and

(4) to provide the defendant with educational or vocational training, medical care or other correctional treatment.

4

1   Here, Pirwitz used his knowledge and skill as a loan officer agent to facilitate
fraudulent transactions involving three properties. The transactions could not have come to
fruition without Pirwitz's specialized skill as a loan officer and recruiting his wife and the Crooks
as borrowers. The transactions have resulted in losses to lenders, many of which have failed
because of loans like the ones originated by Pirwitz.

The Phoenix metropolitan area has experienced an exponential increase in foreclosures,
many due to mortgage fraud. As a result, punitive measures need to be meted out to those industry
professionals who bear responsibility for enabling fraudulent transactions that have resulted in
foreclosures. As a result of the conviction the defendant will no longer be able to work as a loan
officer. However, as detailed below the government is recommending a time served sentence
followed by supervised release due to his cooperation and parity in sentencing with other
similarly situated loan officers prosecuted in this case and others in the District of Arizona.

## IV. GOVERNMENT'S SENTENCING RECOMMENDATION

Before the court is a 35-year-old male, who has resided in Arizona since 2000. He has
had no contact with law enforcement or the criminal justice system his entire life with the
exception of the instant offense. Indeed, he appears to have led an exemplary life before and after
committing the current offenses. Pirwitz got involved with Feliz Guzman, Jr. in a cash back
mortgage scheme in effort to make money. As a result of the downturn in the real estate market,
the houses went into foreclosure resulting in losses to the lenders.

| | | |
|---|---|---|
| Base Offense Level: | 23 | U.S.S.G.§ 2B1.1(a)(1)(A) |
| Specific offense Characteristic: | +2 | U.S.S.G. §2S1.1(b)(2)(B) |
| Acceptance of Responsibility: | -3 | U.S.S.G. § 3E1.1(a) |
| Substantial Assistance: | -14 | U.S.S.G. § 5K1.1 |
| Total Offense Level: | 8 | |

The applicable guideline range, based on the above calculation, in a criminal history
category I, is 0-6 months. The undersigned attorney recommends that the defendant be sentenced

5

to time served (one day presentence custody) and a period of three years supervised release. For these reasons, the government submits this motion to authorize the Court to depart below the applicable advisory guideline and provides the Court with a sentencing recommendation.

Respectfully submitted this 24th day of May, 2010.

DENNIS K. BURKE
United States Attorney
District of Arizona

s/Kevin M. Rapp

KEVIN M. RAPP
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

Due to this documentation being filed under seal, I hereby certify that on May 24, 2010, I electronically transmitted the attached document to the clerk's office using the CM/ECF System for filing sealed documents, sent the attached document (via U.S. Postal Service) to the following CM/ECF registrants:Jerry M. Hernadez, Esq.

By: s/Michelle Colberg